UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TANYA MCCARTNEY** and **MARK MONTGOMERY III**, Individually and as Administrators of the **ESTATE OF KAIDON A. MONTGOMERY**,<br><br>Plaintiffs,<br><br>vs.<br><br>**KIDS 2, INC. f/k/a KIDS II, INC.**; and **KIDS 2, INC. d/b/a, t/a, a/k/a INGENUITY**,<br><br>Defendant. | Civil Action No.: 3:21-CV-166<br><br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Pursuant to an agreement of the parties,

**IT IS HEREBY ORDERED** that all "Confidential Documents" and corresponding information produced by Kids2, Inc. ("Kids2") in response to any requests for production of documents, interrogatories, deposition testimony, or other requests for discovery in this matter shall be subject to the terms of this Stipulated Confidentiality and Protective Order ("Confidentiality Order") as set forth below:

**I.   DEFINITIONS**

1.   "CONFIDENTIAL DOCUMENTS." This term is intended to refer to the documents that are designated "Confidential" under the provisions of paragraph II(1)-(2) of this Confidentiality Order. Confidential Documents shall consist of the contents of the original and all copies or other reproductions of the documents subject to this Confidentiality Order.

2.   "DOCUMENT(S)." This term is intended as a collective reference to any and all material or other tangible things containing information produced by Kids2 in the above-styled

cause, including written responses to discovery and deposition testimony. Without limitation, the term "document(s)" further includes any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The word document(s) includes, without limitation, photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage, and duplicates and reproductions of the same by any method.

3. "LEGAL ENTITY." The phrase refers to any and every kind or type of any legal identity or method of conducting business whether for profit or nonprofit. This phrase includes, without restriction, person(s) "doing business as" some name by which the business is known by the public. It also includes partnerships (whether general or special or limited), firms, proprietorships, any type of company or group, incorporated and/or unincorporated associations, public or private corporations, political corporations or subdivisions, and any other type of business or public organization. The phrase includes any department, division, office, agency, affiliate, parent, or subsidiary of the subject legal entity. The phrase includes any successor or predecessor legal entity to the subject legal entity. The phrase includes any officer, agent, servant, or employee of the subject legal entity.

4. "COUNSEL." This phrase refers to the attorneys of record for the Plaintiffs and Defendant in the above-captioned matter. In the event that the attorneys of record are members of a firm, this phrase shall include any and all other lawyers who are members of or associated with Plaintiffs' counsel's and Defendant's counsel's firms.

II. **PROCEDURE FOR DETERMINING STATUS OF CONFIDENTIAL DOCUMENTS**

1. "Confidential Information" is any information produced in discovery in this action regarding trade secrets, developmental, commercial, or other proprietary business information that is not public knowledge.

2. Any document, including engineering diagrams, blueprints, assembly drawings, test reports, internal protocols, photographs, drawings, films, videotapes, or other writings produced by Kids2 pursuant to a discovery request in this civil action, which contains Confidential Information may be designated as a "Confidential Document" under this Confidentiality Order.

3. To designate a document as a Confidential Document covered by this Confidentiality Order, the producing party shall stamp the document "**CONFIDENTIAL**" before the document is produced.

4. A party may designate a document as a Confidential Document only after making a good faith determination that the information contained in the document is Confidential Information as defined herein.

5. As to all information obtained during discovery, including document responses, depositions, interrogatory answers, and responses to request for admissions, it shall be the duty of the party claiming confidentiality as to such information to designate in writing to all other parties and their attorneys which of such materials are considered to be confidential and covered by this Confidentiality Order.

6. Plaintiffs, or any other party, may assert that particular information designated by Kids2 as confidential information or any document designated as a Confidential Document is, in fact, public knowledge, not confidential or otherwise not subject to protection. Prior to publication or communication of this information or document, the challenging party shall identify to counsel

3

of record for Kids2, in writing, the documents and/or information for which confidentiality is being challenged. There shall be no time period within which any party may assert that any such information or documents designated as confidential, are in fact not confidential, except that the notice described in this paragraph must be given to allow sufficient time for Kids2 to file an application as described in paragraphs 7 of this section in advance of the discovery deadline as set forth in the Court's case management order.

    7.    Within sixty (60) days after service of such notice described in paragraph 6, counsel of record for Kids2 may file an application for a Protective Order limiting or prohibiting the proposed disclosure. If Kids2 does not file for a protective order within 60 days of receiving notice as described in paragraph 6, the challenged information and/or documents are deemed to be not confidential and not subject to this confidentiality order. If Kids2 does file for a protective order, no disclosure shall take place until the Court has acted upon Kids2's application for a further Protective Order, if any. This procedure shall apply to all persons (individuals or entities) who seek to disclose any confidential information which has been so designated by Kids2 in this civil action.

**III.    PROVISIONS REGARDING CONFIDENTIAL DOCUMENTS**

    1.    With regard to those documents that are accorded confidential status as set forth in paragraph II (1-4) above, the foregoing Confidentiality Order shall be in effect:

    a.    Counsel shall use Confidential Documents, or copies of the same, only as necessary for the prosecution of this lawsuit. Counsel and experts retained or consulted by counsel to assist them in this litigation may use all Confidential Documents in the ordinary course of their investigation, evaluation, or preparation and prosecution of this litigation only, subject to the restrictions set forth in this Confidentiality Order. This paragraph is

intended to permit full use of "Confidential Documents" by and between only the named parties in the above-styled case, counsel, members of counsel's legal or support staff (e.g., investigators, secretaries, legal assistants, paralegal, law clerks), and expert witnesses consulted or experts later identified as testifying experts in this litigation only.

      b.    Before Confidential Documents or information are disclosed to anyone identified in paragraph III(1)(a), the intended recipient shall be first presented with a copy of this Confidentiality Order, and after reading it and agreeing to be bound by its terms, execute an attestation form attached hereto as Exhibit A. Throughout the course of this litigation, counsel for the parties hereto shall make reasonable efforts to ensure that each expert, consultant, entity or other person to whom they have given, shown or otherwise divulged the substance of the Confidential Documents, complies with the terms of this Agreement, including instructing each such person or entity at the conclusion of this litigation of his/her or its obligations under this paragraph.

      2.    To the extent that Confidential Documents have been or may in the future be used in the taking of depositions, they shall remain subject to the provisions of this Confidentiality Order, and its provisions shall extend to include the transcript pages of deposition testimony dealing with the substance of such documents.

      3.    It will be the responsibility of the parties to the litigation to designate the transcript pages to be deemed subject to this Confidentiality Order. After a deposition, any party has 45-days to designate pages of that deposition transcript as confidential. During that 45-day period, the entire transcript is deemed confidential. After the 45-day period for designations has expired, only the portions of the deposition specifically designated as confidential shall remain confidential any every other portion shall be deemed not confidential.

4.     All parties who have received Confidential Documents shall act to preserve the confidentiality of designated documents and information consistent with the local rules of this Court. If Confidential Documents are filed with or presented to any Court they shall be filed and/or presented under seal and with notation of the application of this Confidentiality Order. Confidential Documents designated in accordance with this Confidentiality Order that are attached to deposition transcripts as exhibits and specific pages of the transcript that are designated as confidential shall all be separated from the transcript(s) and filed separately under seal. The Clerk of Court, and any court reporter, shall keep all such documents under seal until further order of the Court or agreement of the parties. Any use by the Court of any Confidential Documents shall be held under seal unless the Court orders otherwise. Nothing herein shall be construed to limit the right of counsel to oppose any confidential designations, as described above, asserting that certain documents designated as Confidential do not justify the imposition of restrictions concerning their use.

5.     It shall be the responsibility of counsel for any party seeking to use a protected document to alert the court reporter to the confidential nature of documents designated in accordance with this Confidentiality Order and to require that such documents (and pages) attached to deposition transcripts as exhibits shall be separated from the transcripts and filed separately under seal.

6.     Nothing herein shall be construed as a waiver by any of the parties of their rights under the applicable Federal Rules of Civil Procedure.

7.     In the event that any recipient of Confidential Documents (a) is served with a subpoena or other legal process in another action, or (b) is served with a request or a demand in another action to which he or she is a party, or (c) is served with a request or a demand or any other

legal process by one not a party to this case concerning Confidential Documents subject to this Confidentiality Order, that person (the recipient of Confidential Documents) shall give prompt written e-mail and mail notice of such event to William J. Conroy and/or Yasha K. Shahidi, fax: (610) 964-1981, 1205 Westlakes Drive, Suite 330, Berwyn, PA 19312 and shall object on the basis of this Confidentiality Order to producing or responding to any such request, demand, or subpoena. Within fourteen (14) days from the giving of such written notice, Kids2 shall advise the person who is to respond to the subpoena or request or demand of its position. Thereafter, Kids2 shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Confidentiality Order.

      8.      Upon the termination of this case, by judgment, settlement, completion of appeal, or otherwise, all Confidential Documents subject to this Confidentiality Order, including all copies and other reproductions of such documents in the possession of counsel's experts or other recipients of Confidential Documents shall be returned to counsel within thirty (30) days or destroyed.

      9.      It shall be the responsibility of counsel and all parties to this Agreement to preserve the confidentiality of designated documents and information. All parties shall undertake all reasonable steps necessary to preserve the confidentiality of designated documents and information, including but not limited to monitoring the release of designated documents and information.

## IV. GENERAL PROVISIONS

1. After termination of this case, the provisions of this Stipulated Confidentiality and Protective Order shall continue to be binding, except with respect to those documents that the Court determines the public or others have a right of access.

2. This Stipulated Confidentiality and Protective Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

3. This Stipulated Confidentiality and Protective Order shall be binding upon the parties in the above-styled cause, the attorneys for each party, and upon any recipient of Confidential Documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of Confidential Documents may have control.

4. This Stipulated Confidentiality and Protective Order may be signed in counterpart.

**STIPULATED AS TO FORM:**

DATED: July 6, 2022                             By: _____
                                                Shanin Specter, Esq.
                                                Thomas E. Bosworth, Esq.
                                                Frank Mangiaracina, Esq.
                                                Kline & Specter, P.C.
                                                1525 Locust Street
                                                Philadelphia, PA 19102
                                                Tel: 215-772-100
                                                Fax: 215-792-5520
                                                thomas.bosworth@klinespecter.com

                                                *Attorneys for Plaintiffs*

DATED: July 6, 2022

By: *Jennifer L. Bullard*
Alana K. Bassin, Esq. (*Pro Hac Vice*)
Jennifer L. Bullard, Esq. (*Pro Hac Vice*)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
P.O. Box 26370
Minneapolis, MN 55426
Tel: 612-464-4500
Fax: 612-255-0739
jennifer.bullard@nelsonmullins.com

-and-

William J. Conroy, Esq.
Yasha K. Shahidi, Esq.
CAMPBELL CONROY & O'NEIL
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Tel: 610-964-6380
Fax: 610-964-1981
wconroy@campbell-trial-lawyers.com
yshahidi@campbell-trial-lawyers.com

**APPROVED BY THE COURT:**

By: *Stephanie L. Haines*

Date: July 12, 2022

## **EXHIBIT A**

AFFIDAVIT OF _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the attached Confidentiality Order and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Western District of Pennsylvania, in which this action (No. 3:21-CV-166)—TANYA MCCARTNEY AND MARK MONTGOMERY III, ET AL. V. KIDS 2, INC.—is pending, and binds me to the provisions of the Stipulation, including to all promises undertaken in the Stipulation, as if originally agreed by me.

FURTHER AFFIANT SAYETH NOT.

_____
Name:


Sworn and subscribed to before me this \_\_\_\_\_ day of _____, 2022.

_____
NOTARY PUBLIC


My Commission Expires: _____