# Exhibit "C"



NELSON MULLINS

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
**ATTORNEYS AND COUNSELORS AT LAW**

1600 Utica Ave. S, Suite 750
Minneapolis, MN 55416
T: 612.464.4500  F: 612.255.0739
**nelsonmullins.com**

July 29, 2022

<u>**Via Facsimile (814-691-6001)**</u>
The Honorable Stephanie L. Haines
United States District Judge
U.S. District Court for the Western District of Pennsylvania
208 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901

**Re:**   *Tanya McCartney, et al. v. Kids2, Inc.*
         Court File No.: 3:21-CV-166
         Proposal re: Plaintiffs' Request for Discovery Extension

Dear Judge Haines,

I know you are preparing for trial so I will make this brief.  Rather than submit a blanket objection to Plaintiffs' requested discovery extension, we suggest an alternative proposal with an explanation regarding the same provided below.

To date, Kids2 has taken six depositions and will complete discovery in this case by Aug. 2 (one day past the deadline to accommodate the schedules of Plaintiffs and the witness). Plaintiffs in contrast have disregarded discovery and the existing deadline entirely, failing to take a single deposition, failing to have their clients appear for a court-ordered mediation (Kids2's general counsel and insurance carrier attended the entire mediation), failing to timely execute the protective order, failing to respond to Requests for Admission, and failing to respond to requests for basic authorizations and information.

Plaintiffs complain they did not receive Kids2's production of confidential documents until recently, but omit necessary context, which is that the production was delayed because Plaintiffs repeatedly failed to execute a Protective Order despite having received it months ago when Kids2 responded to discovery and having received numerous reminders from us. The only reason that Kids2 agreed to schedule its corporate representative deposition in August was because Plaintiffs waited until the 11th hour to notice 19 overly-broad topics 12 working days shy of the discovery cut-off. Although this was unreasonable, rather than objecting, we agreed to accommodate

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS
MINNESOTA | NEW YORK | NORTH CAROLINA | OHIO | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

The Honorable Stephanie L. Haines
July 29, 2022
Page 2

Plaintiffs and set it for a time that would allow us to properly prepare our witness.  Importantly, we did not make this accommodation to open up the discovery deadline for any other reason.

Early in this case we asked Plaintiffs' counsel to work with us on the scheduling order given the fact that my partner, Jennifer Bullard, was due to have a baby in June. We intentionally asked the Court to set fact and expert deadlines in manner that would enable her to take maternity leave.  Plaintiffs now seek to prosecute their entire case during the only time we had asked them to avoid—when she is on maternity leave.   If required, defense counsel can accommodate this issue, but beyond work obligations including preparing the corporate representative in this case for an August 30(b)(6) deposition, defense counsel has scheduled vacations and children returning to school/college in August.

As a solution, I would like to propose that the parties file a joint motion to extend discovery to allow Plaintiffs to complete the 30(b)(6) deposition only, which was previously agreed to by the parties. Kids2's corporate representative's deposition should resolve any remaining discovery questions that Plaintiffs have.  This further allows time for the parties to resolve any issues related to Plaintiffs' outstanding authorizations and other discovery.  Thereafter, and as you suggest in your note, the parties can report their positions on discovery to the Court at the September 1 status conference.

Sincerely,

NEL SON MULLINS RILEY & SCARBOROUGH

Alana Bassin
Partner

AKB
cc:     All counsel of record