IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA MCCARTNEY and MARK MONTGOMERY III, Individually and as Administrators of the **ESTATE OF KAIDON A. MONTGOMERY**, <br><br> Plaintiffs, <br><br> vs. <br><br> **KIDS 2, INC. f/k/a KIDS II, INC.**; and **KIDS 2, INC. d/b/a, t/a, a/k/a INGENUITY**, <br><br> Defendant. | CIVIL ACTION NO.: 3:21-CV-166 <br><br><br><br> **FINAL SCHEDULING ORDER** |

NOW, this **1st** day of **September** 2022, **IT IS HEREBY ORDERED** that compliance with the provisions of Local Rule 16.1.B.3 shall be completed as follows:

**A.     Final Case Management Plan**

   1.    The parties shall file motions for summary judgment, if appropriate, on or before April 18, 2023.

         The nonmoving party's response to the motion for summary judgment is due on May 9, 2023.

         The moving party's reply to the motion for summary judgment is due May 16, 2023. No further briefing is allowed without leave of court.

   2.    Plaintiffs' pretrial narrative statement shall comply with Local Rule 16.1.C.1 and shall be filed by September 1, 2023.

         Defendant's pretrial narrative statement shall comply with Local Rule 16.1.C.2 and shall be filed by September 8, 2023.

        Counsel shall specify the material facts to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*. ANY EXHIBIT WHICH HAS NOT BEEN IDENTIFIED BY COUNSEL IN THE PRETRIAL NARRATIVE STATEMENT, EXCEPT AN EXHIBIT TO BE USED SOLELY FOR IMPEACHMENT PURPOSES, SHALL NOT BE ADMITTED AS EVIDENCE, UNLESS THE PARTIES OTHERWISE AGREE OR THE COURT ORDERS OTHERWISE. The parties shall not amend or supplement their pretrial statements without leave of the Court.

3.    The parties shall file any motions *in limine*, proposed points for charge and proposed voir dire no later than August 21, 2023.

        The nonmoving party's response to any motion *in limine* shall be due no later than September 4, 2023.

        NO MOTIONS *IN LIMINE* WILL BE ENTERTAINED BY THE COURT PRIOR TO September 4, 2023.

4.    The Court will conduct a pretrial conference on September 11, 2023, at 9:00 a.m. IMPORTANT INFORMATION REGARDING ATTORNEYS' RESPONSIBILITIES AT THE PRETRIAL CONFERENCE APPEARS IN SECTION (C) OF THIS ORDER.

5.    The case shall presumptively be called for trial on September 18, at 9:00 a.m. THE ABSENCE OF ANY WITNESS SHALL NOT BE SUFFICIENT CAUSE TO DELAY THE TRIAL.

6.    Other appropriate matters.

B.     **Motion Practice**

1.     **Motions Not Requiring Briefs**

No brief is required by either movant or respondent unless otherwise directed by the Court with respect to the following motions:

    **(a)**     For extension of time for the performance of an act required or allowed to be done;

    **(b)**     To continue a pretrial conference, hearing, or the trial of an action;

    **(c)**     To amend the pleadings;

    **(d)**     To file supplemental pleadings;

    **(e)**     For a substitution of parties; and

Any of the above motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion. All other motions and responses thereto, must be accompanied by a brief. The Clerk shall not accept for filing any motion, application or objection requiring a brief not accompanied by such brief without permission of the Court. Briefs in support of a motion and briefs in opposition to a motion shall be limited to twenty-five (25) pages excluding tables.

2.     **Summary Judgment Motions**

The brief in support of a motion for summary judgment shall be accompanied by a separately filed document entitled "Concise Statement of Undisputed Material Facts" in strict compliance with Local Rule of Court 56.B. The statement shall contain a concise itemization of material facts that the movant contends are not in dispute. The facts shall be numbered and appear in a form similar to plaintiffs' complaint. At the conclusion of each

fact, movant shall refer, with particularity, to those portions of the record upon which movant relies.

The brief in opposition to a motion for summary judgment shall be accompanied by a separately filed document entitled "Response to Movant's Concise Statement of Undisputed Material Facts" in strict compliance with Local Rule of Court 56.C. The response shall set forth, in separately numbered paragraphs corresponding to the paragraphs set forth in the movant's "Concise Statement of Undisputed Facts," an answer each of the numbered averments of fact set forth in the movant's statement and shall state whether each of the movant's averments of fact are disputed and/or material. If a fact is not admitted in its entirety (as to whether it is undisputed or material), the respondent shall state a concise counter-statement of the matter disputed. At the conclusion of each counter-statement, respondent shall refer, with particularity, to those portions of the record upon which respondent relies. The response shall further set forth in separately numbered paragraphs any other material facts that are allegedly at issue in a separate section entitled "New Matter."

The moving party may file a responsive document stating whether each of the numbered averments set forth in the "New matter" section are disputed and/or material. *For example*:

  5)   Admitted

  6)   Denied. On the contrary [. . . .] *See* Plaintiff's deposition of November 1, 1992, at Page 7, lines 12-14.

All material facts set forth in the Movant's Concise Statement of Undisputed Material Facts shall be deemed admitted for the purpose of summary judgment unless

4

specifically controverted as set forth herein. All parties shall attach to their Concise Statement of Undisputed Material Facts and any Response thereto, copies of the documents or portions of the record that support their respective positions.

3. **Motions *in Limine***

Prior to filing a motion *in limine*, counsel shall confer and consult so as to ensure that a genuine dispute exists with respect to the subject matter of the motion *in limine*. **A motion *in limine* must be accompanied by a certificate from the moving counsel of record certifying that he has conferred and consulted with adverse counsel with respect to each matter set forth in the motion and that the parties are unable to resolve their differences.** The certificate shall set forth the exact time and place of the conference and consultation. If the required certificate cannot be furnished, counsel for movant shall furnish an alternative certificate stating that opposing counsel has refused to so meet and confer, or to sign the required certificate, or stating such other facts and circumstances supporting the absence of the required certificate and movant's efforts to obtain compliance by opposing counsel.

C. **Pretrial Conference**

At the pretrial conference, ATTORNEYS MUST BE PREPARED TO DO EACH OF THE FOLLOWING:

(1) **Indicate** on the record whether the exhibits of any other party are agreed to or objected to, and offer the reason(s) for any such objection.

(2) If any legal issues remain undecided, **present** the proper motions, along with a brief.

(3) **Estimate** the number of days required for trial.

5

(4)     **Identify** the witnesses that are to testify at trial.

(5)     **Identify** any depositions or any portion thereof to be read into evidence. A party intending to use a discovery deposition in its case-in-chief shall: (a) identify the deposition by the name of the deponent and date of his or her deposition; and (b) designate to the Court and to the opposing party the pages and lines that will be offered at trial. Opposing counsel shall counter-designate those lines and pages of the same deposition that will be offered at trial. Objections to the admissibility of any portion thereof to be read into evidence shall be identified at the pretrial conference. Objections to the admissibility of any portion shall be submitted to the Court at the conference. This order does not include videotaped qualifications of experts.

(6)     **Identify** known or anticipated evidentiary issues.

(7)     **Inquire** of their authority to settle and have their clients present or available by telephone. The Court shall inquire whether counsel have discussed settlement. Such record shall be made of the conference as the Court orders. Failure to fully disclose in the pretrial narrative statement, or at the pretrial conference, the substance of evidence proposed to be offered at trial will result in the exclusion of that evidence at trial, unless the parties otherwise agree or the Court orders otherwise. The only exception shall be evidence used for impeachment purposes.

BY THE COURT:

_____
**STEPHANIE L. HAINES**
**UNITED STATES DISTRICT JUDGE**

**cc:**   **All counsel of record**