IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA McCARTNEY, *et al.*, | ) |
| Plaintiffs, | ) ) ) ) |
| vs. | ) Civil Action No. 3:21-cv-166 ) Judge Stephanie L. Haines |
| KIDS 2 INC., *et al.*, | ) ) ) |
| Defendants. | ) |

**OPINION**

On March 30, 2024, the Court was advised that Plaintiffs Tanya McCartney and Mark Montgomery III ("Plaintiffs") settled their wrongful death products liability claims in this case against Defendant Kids 2 Inc. ("Defendant") (ECF No. 104), and on May 17, 2023, the Court approved the settlement (ECF No. 123). Though the case settled, Defendant still requested sanctions against Plaintiffs' former attorney, Thomas Bosworth, based on Attorney Bosworth's conduct at the depositions of Plaintiffs' four experts, Drs. Mannen, Ross, Rosen, and Glancey. At the May 2, 2023 oral argument on the sanctions issue, the Court found the imposition of monetary sanctions upon Attorney Bosworth was warranted and granted Defendant's request for sanctions (ECF No. 116). The Court directed Defendant to submit to the Court its fees and costs, and on May 17, 2023, Defendant filed its "Declaration of Jennifer L. Bullard Re Fees and Costs for Motion for Sanctions" ("Declaration").

The Court has reviewed Defendant's Declaration (ECF No. 124), Attorney Bosworth's Brief and Correspondence in Opposition (ECF Nos. 125, 126), and Defendant's Reply (ECF No.

127).[1]  For the reasons set forth below, the Court will award $19,713.50 as a monetary sanction against Attorney Bosworth.

## I. Relevant Procedural History

As to the procedural history relevant to Defendant's request for sanctions, Defense counsel deposed Dr. Mannen on November 8, 2022, Dr. Ross on November 15, 2022, Dr. Rosen on November 16, 2022, and Dr. Glancey on November 17, 2022.  Defendant's attorney, Alana Bassin, ultimately suspended the deposition of Dr. Glancey to seek court intervention.  According to Plaintiffs, on November 18, 2022, Attorney Bosworth was terminated from their firm, and thereby, ceased to represent the Plaintiffs.

On January 31, 2023, while Plaintiffs were still litigating their wrongful death product liability claims against Defendant, Defendant filed a Motion for Sanctions (ECF No. 69) and a Motion to Strike Improper Rebuttal Expert Testimony (ECF No. 70).  Plaintiffs filed an Omnibus Brief in Opposition (ECF No. 77) on February 15, 2023.  In their brief, Plaintiffs admitted the conduct during the four expert depositions by former counsel of record, Attorney Bosworth, was awful (ECF No. 77 at p. 1).  Plaintiffs offered to produce their expert witnesses to be deposed again as a demonstration of good faith and recognition of Attorney Bosworth's actions.  *Id.* at p. 16).

The Court granted Attorney Bosworth leave to respond to these filings (ECF No. 94), and on March 23, 2023, Attorney Bosworth filed a Response in Opposition to Defendant's Motion for Sanctions and Reply in Opposition to Kline & Specter's Response in Opposition to the Motion for

---

[1] Because these filings contain confidential, sensitive business information, as well as reference to personal medical information, the Court permitted the parties to file these documents under seal.  On that same basis, the filings at ECF Nos. 82, 83, 84, 86, 87, 100, 101, 102, and 103 were also filed under seal.  The Court's analysis in this Opinion does not rely on or make reference to any confidential information.

Sanctions (ECF No. 99). The Court was notified that the case settled on March 30, 2023, but Defendant maintained its request for monetary sanctions against Attorney Bosworth (ECF No. 104). On March 30, 2023, Defendant filed a Reply (ECF No. 105) to Bosworth's Response (ECF No. 99). On the morning of May 2, 2023, before Attorney Bosworth appeared in Court for oral argument on this issue, Attorney Bosworth asked the Court for leave to file a reply to Defendant's Reply (ECF No. 113), and the Court granted this request (ECF No. 114) and ordered the Reply to be docketed (ECF No. 115).

As previously stated, the Court held oral argument on the sanctions request on May 2, 2023. After the conclusion of the oral argument, the Court granted Defendant's request for sanctions and requested Defendant to submit a statement of the fees and costs it incurred because of Attorney Bosworth's conduct. On May 17, 2023, the Defendant filed its Declaration, indicating that it incurred $131,719.00 in fees as a result of Attorney Bosworth's conduct. On June 13, 2023, Attorney Bosworth filed a Brief in Opposition (ECF No. 125), and on May 20, 2023, he submitted correspondence to the Court (ECF No. 126). On June 22, 2023, Defendant filed a Reply to Attorney Bosworth's Brief in Opposition (ECF No. 127). The issues relating to the imposition of monetary sanctions have been fully briefed.

## II. Legal Standard

Defendant has moved for sanctions under Rule 30, with reference to 28 U.S.C. §1927[2] and this Court's inherent power to sanction an attorney. Under Rule 30(c), all objections made at the time of the deposition should be noted, but "the examination shall proceed, with the testimony being taken subject to the objections." Rule 30(c). Rule 30(d) provides that any objection during

---

[2] As Defendant did not submit any costs to the Court, the Court will not conduct an analysis as to 28 U.S.C. §1927.

3

a deposition is to be "stated concisely and in a non-argumentative and non-suggestive manner." Rule 30(d)(1). Moreover, a deponent may be instructed not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to protect a witness from examination "being conducted in bad faith or in such a manner as to annoy, embarrass, or oppress the deponent or party." Rules 30(d)(1), 30(d)(3); *see also Am. Fun & Toy Creators, Inc. v. Gemmy Indus., Inc.*, 1997 U.S. Dist. LEXIS 12419, *26-27, No. 96 Civ. 0799, 1997 WL 482518, at *9 (S.D.N.Y. Aug. 21, 1997).

A court may impose sanctions, including reasonable expenses and attorney's fees, on a person who impedes or frustrates the fair examination of a deponent. Fed. R. Civ. P. 30(d)(2). "The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Animal Legal Def. Fund v. Lucas*, Civil Action No. 19-40, 2020 U.S. Dist. LEXIS 223323, at *4 (W.D. Pa. Nov. 30, 2020) (quoting *Bowers v. Nat'l Collegiate Athletics Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)). "[D]epositions are to be limited to what they were and are intended to be: question-and-answer sessions between a lawyer and a witness aimed at uncovering the facts in a lawsuit. When a deposition becomes something other than that because of the strategic interruptions, suggestions, statements, and arguments of counsel, it not only becomes unnecessarily long, but it ceases to serve the purpose of the Federal Rules of Civil Procedure: to find and fix the truth." *Id.* quoting *Hall v. Clifton Precision, a Div. Of Litton Sys., Inc.*, 150 F.R.D. 525, 530-531 (E.D. Pa. 1993).

The Court also has inherent power to sanction an attorney. Federal courts "retain the inherent power 'to sanction errant attorneys financially both for contempt and for conduct not rising to the level of contempt.'" *In re Cendant Corp.*, 260 F.3d 183, 199 (3d Cir. 2001)

4

(quoting *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d. Cir. 1985)). "This power, the Supreme Court has noted, is 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of a case.'" *Rorrer v. Cleveland Steel Container*, 564 F. App'x 642, 644-45 (3d Cir. 2014) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31(1962)). In arguing for an attorney's fee, the moving party bears the burden of establishing that the "request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

Courts have ample discretion in determining what sanctions are appropriate and necessary to deter attorney misconduct. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007). Further, courts have wide latitude to determine whom sanctions should be directed toward: parties, law firms, or individual attorneys. *Id.* Defendant clearly demonstrated it incurred significant expense as a result of Attorney Bosworth's improper behavior, and the Court already granted Defendant's request for monetary sanctions against Attorney Bosworth. The Court now addresses its basis for imposing monetary sanctions in the amount of $19,713.50.

**A. Deposition Conduct**

As the Court stated at the May 2, 2023 oral argument, the deposition transcripts and video show Attorney Bosworth's conduct was grossly in violation of the Federal Rules of Civil Procedure and the Pennsylvania Professional Rules of Conduct. Attorney Bosworth made countless improper objections, including repeatedly coaching his witnesses and testifying himself, and instructed his witnesses not to answer on more than two dozen instances. Under Rule 30(c)(2), a "person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." None of

5

these exceptions applied to Attorney Bosworth's repeated instructions to his witnesses not to answer the questions posed by Defendant's counsel, and his tactics prevented fair examination of Plaintiffs' experts.

These objections and misconduct rendered the four expert depositions ineffective, and the Court agrees with Defendant that, had the case proceeded, Plaintiffs' four expert witnesses would need to be deposed again as a result of Attorney Bosworth's disruptive and unprofessional conduct. For example, here are several exchanges that occurred during the deposition of Dr. Rosen on November 16, 2022 that illustrate Attorney Bosworth's disruption of Defendant's counsel's line of questioning:

> **Attorney Bassin:** It's never been asked and answered. It's only been asked.
>
> **Attorney Bosworth:** Yeah. You want to call them liars, but that's fine. They didn't lie. I can't wait to show them the forensic evidence you won't show because you're afraid of the truth.
>
> **Attorney Bassin:** Tom.
>
> **Attorney Bosworth:** Afraid, afraid of the truth. I want it on –
>
> **Attorney Bassin:** Tom, stop. Tom, you're being belligerent. You're harassing.
>
> **Attorney Bosworth:** No. Afraid. You are -
>
> **Attorney Bassin:** Please keep whatever -- Tom, let me talk.
>
> **Attorney Bosworth:** You are afraid of the truth.
>
> **Attorney Bassin:** Tom, stop.
>
> (ECF No. 82-4 at p. 28)
>
> \*\*\*
>
> **Attorney Bosworth:** Hold on. Objection. He's not going to answer it again. It's harassing. Next question. And, also, he's not –
>
> **Attorney Bassin:** Dr. Rosen, am I correct?

6

**Attorney Bosworth:** No, no, no. No, you're not correct.

**Attorney Bassin:** He hasn't answered that question.

**Attorney Bosworth:** Yes, he has. You're not – you're trying to get water out of a stone, and he's explained to you. I don't know if you're not understanding it or if you're intentionally –

**Attorney Bassin:** Tom, stop with your objections.

**Attorney Bosworth:** Knock it off now.

**Attorney Bassin:** Tom, stop with your objections.

**Attorney Bosworth:** Knock it off now.

**Attorney Bassin:** It was actually a different question about the –

**Attorney Bosworth:** Stop.

**Attorney Bassin:** Actually it was a totally different question. I said she demonstrated how he was found.

**Attorney Bosworth:** Your ethics are nonexistent. Your ethics are nonexistent.

**Attorney Bassin:** No. I want to note for the record that my question to you -- Tom, stop talking.

**Attorney Bosworth:** You have no sense of the truth. You have no obligation morally to tell the truth. You have no compass that seems to guide what is right and wrong....

\*\*\*

**Attorney Bassin:** Tom, your objections are totally inappropriate.

**Attorney Bosworth:** Ad nauseam.

**Attorney Bassin:** Stop.

**Attorney Bosworth:** Ad nauseam. Ad nauseam.

(ECF No. 82-4 at p. 30).

\*\*\*

**Attorney Bosworth:** I don't think your intelligence is as low as your questions reflect, which leads me to believe you're trying to get answers you're not getting. It's 12:20. I have to go present a CLE on a record-breaking verdict.

**Attorney Bassin:** I'm going to finish this question before you go.

**Attorney Bosworth:** On a record-breaking verdict.

(ECF No. 82-4 at p. 34).

At one point, Attorney Bassin sought to simply clarify that Dr. Rosen, a pediatric pulmonologist, would not be offering an expert opinion on warnings and was subjected to the following:

**Attorney Bassin:** Okay. All right. All right. And it's not your intent to offer testimony about warnings, correct?

**Attorney Bosworth:** I'm going to object to that –

**Attorney Bassin:** Since you're not a warnings expert?

**Attorney Bosworth:** -- on the same basis as you've stepped in it, Alana, as my grandfather used to say. Like, you can't -- you can't -- you can't take back what just happened.

**Attorney Bassin:** Tom, I'm not taking back anything.

**Attorney Bosworth:** Yeah, you did. You went somewhere –

**Attorney Bassin:** I'm not taking back anything. I don't think I stepped in it at all.

**Attorney Bosworth:** You went somewhere and you got slapped in the face theoretically. And I'm sorry that that hurt, but that's his testimony. He's going to offer opinions based on what he said in this deposition that you have noticed and what's fairly within the scope of his report, as per the judge's instructions. So he's not going to answer that question, but you can ask another one if you'd like.

**Attorney Bassin:** All right. I'm going to note for the record that you have instructed him not to answer that question.

**Attorney Bosworth:** Yep, I have. Yes.

(ECF No. 82-4 at p. 64).

In another instance, Attorney Bassin tried to confirm whether Dr. Glancey had reviewed certain documents, referred to as "QRB documents", however, Attorney Bosworth repeatedly became irate with her:

> **Attorney Bassin**: Well, I'm looking at your report and it doesn't list it, that you were provided any QRB documents.
>
> **Attorney Bosworth:** That's a false statement. You're making false statements about his report. It says documents produced by Kids 2 in his report. Stop lying. Fourth bullet.
>
> **Attorney Bassin**: Stop coaching the witness.
>
> **Attorney Bosworth:** Fourth – it's not coaching. You're a liar. You're a liar.
>
> (ECF No. 82-2 at p. 67).
>
> \*\*\*
>
> **Attorney Bassin**: Therefore, those [QRB] documents would not have been taken into consideration for your report, correct?
>
> **Attorney Bosworth:** I'm objecting and he's not gonna answer that question for the same reasons. What documents are you referring to? You keep saying those documents wouldn't have been taken. What documents?
>
> **Attorney Bassin**: Any QRB documents. He just said I haven't seen any QRB documents; and therefore, to the extent there are any QRB documents –
>
> **Attorney Bosworth:** There are none.
>
> **Attorney Bassin**: -- those documents were not taken into consideration –
>
> **Attorney Bosworth:** There are none.
>
> **Attorney Bassin**: -- for your opinions, correct?
>
> **Attorney Bosworth:** There are none. You're a liar. There are none. You're lying.
>
> **Attorney Bassin**: This is so inappropriate.
>
> **Attorney Shahidi**: Tom, she's asking him whether there are –
>
> **Attorney Bassin**: It's harassing. It's insulting.

> **Attorney Shahidi:** -- whether he's seen the document.
>
> **Attorney Bosworth:** They don't exist.
>
> **Attorney Shahidi:** She can ask the question.
>
> **Attorney Bosworth:** No. They're not -- they don't exist. Stop. This is not gonna happen. You all live in an alternate reality, you corporate schills. S-C-H-I-L-L.
>
> **Attorney Bassin:** Okay. I'm gonna suspend the questioning on this.
>
> **Attorney Bosworth:** You corporate schills. You're gonna ask him – you're gonna ask him if this -- hey, did you see the -- the brochure of the Corvette? There's no Corvette brochure. What are you doing?
>
> **Attorney Shahidi:** There's no need to raise your voice, please.

ECF No. 82-2 at pp. 69-70.

After Attorney Bosworth made yet another speaking objection during Dr. Glancey's deposition, the following exchange occurred:

> **Attorney Bassin:** You know, you can't do that at trial and you can't do it now.
>
> **Attorney Bosworth:** Oh, I'll do it then and now.
>
> **Attorney Bassin:** You simply can't. You can object and that's it. And here you object to form and preserve your objection. Objection. I am telling you are acting totally inappropriately.
>
> **Attorney Bosworth:** No, I'm –
>
> **Attorney Bassin:** So stop it, Tom.
>
> **Attorney Bosworth:** -- I'm asking you if you're asking him about now or about before.
>
> **Attorney Bassin:** You need to -- you need to -- honestly, you need to behave in the same way that you would act in a court proceeding, and you are not doing that, Tom, and you need to start.
>
> **Attorney Bosworth:** Alana –
>
> **Attorney Bassin:** Dr. Glancey –

10

> **Attorney Bosworth:** -- you don't -- I just have to get this on the record. I just have to get it on the record. I've been –
>
> **Attorney Bassin:** Okay. I –
>
> **Attorney Bosworth:** I've been in many courtrooms before many judges before many juries in my six years. I've never had an issue with a judge or a jury in how I conduct myself. I represent my client zealously. I don't take advice from corporate lawyers on how I ought to behave. The only person I take instruction from in this world is my wife and my parents.

(ECF No. 82-2 at p. 30).

As stated at the May 2, 2023 oral argument, the Court is particularly troubled by the numerous, vicious personal attacks that Attorney Bosworth made against Attorneys Bullard and Bassin. Attorney Bosworth alternated between being rude, demeaning, and obnoxious, at times using a higher pitched, mocking tone to belittle the female defense counsel. For example, Attorney Bosworth made the following comments to Attorney Bassin during Dr. Rosen's deposition:

> **Attorney Bosworth:** Alana, you are -- I have a concern for your mental health at this time and I don't mean that in a negative way. But I'm worried that you're losing it. And I don't know why you're acting this way, but it's extremely concerning.

(ECF No. 82-4 at p. 13).

\*\*\*

> **Court Reporter:** So just to remind you both, I cannot write two at once. Thank you.
>
> **Attorney Bosworth:** I just want to say, for the record, I know, [court reporter], you keep saying to remind you both, but I'm the one being interrupted and so is Dr. Rosen. It's -- I think that Alana thinks it's like effective or something, but it's kind of just like – who's that guy on the news who yells - who yelled at everyone? Was it Phil Murray? He would yell at people and then say -- like, try to make points and it was -- yeah. So just, can you just let everybody talk, Alana? I know you like the spotlight.

*Id.* at p. 19.

At the deposition of Dr. Glancey, the following exchange occurred:

11

**Attorney Bosworth:** I think it's been asked and answered. I think you're harassing. I think you either don't listen or you intentionally abuse people. But go ahead, Doctor.

**Attorney Bassin:** No, I didn't. I just –

**Attorney Bosworth:** Yeah, you -- no, you either –

**Attorney Bassin:** -- clarified my question about over 30 degrees.

**Attorney Bosworth:** You either have a hearing problem, a personality disorder, or a comprehension problem. Go ahead, Doctor.

**Attorney Bassin:** Tom, I'm sorry. I need to get down for the record what you said. You said I had a hearing problem, a something problem, or a comprehension problem? What was the second insult?

**Attorney Bosworth:** I said you either have a hearing issue, a personality disorder, or a comprehension issue.

(ECF No. 82-2 at p. 82).

These exchanges are in addition to the repeated instances when Attorney Bosworth berated and insulted the integrity of Attorneys Bassin and Bullard. ("You have an obligation to tell the truth. I know that's hard for you…..but maybe you haven't dealt with lawyers like me that hold that to the fire." (ECF No. 82-4 at p. 42); "You're literally the most disingenuous lawyer I've ever encountered." *Id.* at p. 44.; "You need to start aligning yourself with the truth…I know that is hard for you." *Id.*; "I'm trying to be patient with you, but you have no respect for the truth…the doctor…for our time…for what's right and wrong…for opposing counsel. And it's not skill. Make no mistake about it. I've dealt with your kind many a time. And it's easily exposable in a courtroom." *Id.* at p. 48.; "I have to conclude you're not listening. I have to. I can't conclude anything else. But go ahead and continue." *Id.* at p. 51.; "You're either not listening to him or you just want to bill time." (ECF No. 82-2 at p. 80); "You're just lying now." (ECF No. 82-4 at p. 58)).

The quoted exchanges and insults are just examples of Attorney Bosworth's misconduct that runs throughout all four of the expert deposition transcripts and videos. Attorney Bosworth's

12

speaking objections and commentary influenced the witnesses' testimony, prevented fair examination of these witnesses, and as the Court already ruled at the May 2, 2023 oral argument, monetary sanctions against Attorney Bosworth for his misconduct are appropriate.

### B. Monetary Sanctions

"With regard to the hours worked, the Court must 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Gittins v. Gateway Clipper Inc.*, Civ. 2:16-cv-00757, 2021 WL 1232421, at *14 (W.D. Pa. Mar. 12, 2021) (quoting *Pub. Int. Rsch Grp. of N.J., Inc.*, 51 F.3d at 1188). The Court has reviewed each billing entry, including the nature of the service performed, the time spent in doing so, the timekeeper who performed the work and the hourly rates for each task.

Given the extreme nature of Attorney Bosworth's behavior, Defendant should be reimbursed for the attorneys' fees incurred for attending each deposition. As the Court already stated when it granted Defendant's request for sanctions, Attorney Bosworth's behavior to Attorneys Bullard and Bassin during the depositions was disrespectful and outrageous. The Court fully reviewed both the transcripts and the video of the four expert depositions, and Attorney Bosworth's disruptions were serious, pervasive and interfering. His behavior and ad hominem attacks against Attorneys Bassin and Bullard were appalling. As evidenced in the billing entries, Attorney Bosworth's misconduct required them to not only have both attorneys attend the depositions, but to also have their local counsel, Attorney Yasha K. Shahidi, attend the depositions in person at the office of Plaintiff's counsel.

A reasonable fee award for imposition of sanctions is determined by multiplying counsel's number of hours reasonably expended (i.e., hours that are not excessive, redundant, or

13

unnecessary) times counsel's reasonable billing rate (i.e., a rate which does not exceed the prevailing market rates). *Keister v. PPL Corp.*, 257 F. Supp. 3d 693, 701 (M.D. Pa. 2016), aff'd, 677 F. App'x 63 (3d Cir. 2017). "When considering whether rates charges are reasonable, courts within the Third Circuit follow the 'forum rate rule,' which provides that a court shall rely upon prevailing hourly rates in the district to determine whether charges are reasonable." *LabMD, Inc. v. Tiversa Holding Corp.*, Civ. A. No. 15-92, 2020 WL 1170796, at *3 (W.D. Pa. Mar. 11, 2020) (quoting *ThermoLife Int'l, LLC v. D.P.S. Nutrition, Inc.*, Civ. A. No. 15-273, 2016 WL 6916777, at *4 (W.D. Pa. Feb. 5, 2016)). "[T]he attorney's normal billing rate is an appropriate baseline for assessing the reasonableness of the rate requested." *Id.* (quoting *Chaney v. HVL, LLC*, Civ. A. No. 11-0833, 2012 WL 5990124, at *1 (W.D. Pa. Nov. 30, 2012)).

According to the Declaration (ECF No. 124), Attorney Alana Bassin bills at $375.00 per hour, Attorney Jennifer Bullard bills at $345.00 per hour, and Attorney Yasha Shahidi bills at $220.00 per hour. These rates are well in line with the prevailing market rate in this community for attorneys of their practice areas and experience in comparable law firms. *See Animal Legal Defense Fund v. Lucas*, Civ. A. No. 2:19-40, 2021 WL 4479483, at *2 (W.D. Pa. Sept. 30, 2021).

Regarding attendance at the four depositions, Attorney Bullard took the deposition of Dr. Mannen on November 8, 2022, which lasted for 8 hours and 52 minutes on the record. Attorneys Bullard and Shahidi represented Defendant at the deposition of Dr. Ross on November 15, 2022 which lasted for 5 hours on the record. Attorney Bassin, Bullard, and Shahidi represented Defendant at the deposition of Dr. Rosen on November 16, 2022, which lasted for 7 hours and 51 minutes, and Attorneys Bassin, Bullard, and Shahidi represented Defendant at the deposition of

14

Dr. Glancey which lasted for 5 hours and 45 minutes.[3] Accordingly, the Court will award as a monetary sanction against Attorney Bosworth in the amount of $19,713.50, consisting of the following:

1. Attendance of Dr. Mannen's deposition by Attorney Bullard: 8.9 hours at $345.00 per hour for a total of $3,070.50;

2. Attendance of Dr. Ross' deposition by Attorney Bullard and Attorney Shahidi: 5 hours at $345 per hour and $220 per hour respectively for a total of $2,825.00;

3. Attendance of Dr. Rosen's deposition by Attorneys Bassin, Bullard and Shahidi: 8.9 hours at $375 per hour, $345 per hour, and $220 per hour respectively for a total of $8,366.00;

4. Attendance of Dr. Glancey's deposition by Attorneys Bassin, Bullard and Shahidi: 5.8 hours at $375 per hour, $345 per hour, and $220 per hour respectively for a total of $5,452.00.

The Court finds that imposition of $19,713.50 as a monetary sanction is appropriate for Attorney Bosworth's misconduct in the four depositions against Defense counsel.

The remaining bulk of Defendant's Declaration (ECF No. 124) lists the fees Defendant incurred in the preparation of the Motion for Sanctions (ECF No. 69) and the Motion to Strike Improper Rebuttal Testimony (ECF No. 70), which were prepared while the litigation between Plaintiffs and Defendant was still pending. Prior to filing the motions, Plaintiffs had already proposed that Defendant retake the depositions of the four experts, but Defendant filed the motions nonetheless.

---

[3] There is a billing entry for November 8, 2022 that lists Attorney Bassin attended Dr. Mannen's deposition for 3.0 hours. However, the transcript reflects that she did not enter her appearance for Defendant at the deposition and was only listening in by telephone to part of the deposition (ECF No. 82-3 at p. 13). Also, Attorney Jenna Durr entered her appearance for the deposition of Dr. Glancey on November 17, 2022 on behalf of Defendant but there are no billing entries before the Court relating to this attendance. Due to the incomplete and/or conflicting information regarding these attorneys' attendance of those depositions, the Court has not included them in its calculation.

In the Motion for Sanctions (ECF No. 69), Defendant argued Attorney Bosworth's misconduct during the depositions incurably tainted Plaintiffs' experts' testimony, prejudiced Defendant, and warranted the Court's wholesale preclusion of Plaintiffs' experts' rebuttal reports and stipulation of certain facts ("Here, limiting Plaintiffs from supplementing expert opinions after inappropriate conduct during their expert depositions is the only real sanction that addresses the bad conduct other than excluding the testimony altogether." ECF No. 69 at pp. 19, 20). In the motion, Defendant primarily requested sanctions targeted at the merits of Plaintiffs' case, while only two paragraphs are devoted to exacting monetary sanctions against Attorney Bosworth, Kline & Specter, or both.

Defendant's Motion to Strike Improper Rebuttal Expert Testimony (ECF No. 70) does not move to strike the rebuttal reports because of Attorney Bosworth's conduct, but rather on the procedural argument that the rebuttal reports were not being offered to rebut the opinions of Defendant's experts and the opinions in the rebuttal reports should have been disclosed in Plaintiffs' initial expert reports.

Clearly, the two motions sought to benefit the litigation position of Defendant by restricting Plaintiff's ability to present its experts at trial. However, the Court's primary purpose in imposing the monetary sanctions here is to sanction Attorney Bosworth's misconduct and deter further conduct of that nature. Given the strategic nature of these two motions, the Court will not award monetary sanctions against Attorney Bosworth for the preparation of these motions.[4]

---

[4] The Court also notes that, even if it were to parse out the fees with respect to preparation of the sanctions motion and the briefing relating to that motion only, many of the billing entries make that dissection impossible. For example, the billing entries submitted by Defendant show that Attorney Bullard analyzed deposition transcripts in order to draft the motion for sanctions *and* the motion to strike. Multiple other timekeepers, Attorneys Bassin, Mascusen, Durr and Barlow, also simultaneously worked on drafting these two motions and the Omnibus Reply Brief (ECF No. 92) in support of the motions. There were also instances where timekeepers were working on the

### C. Bosworth's Brief in Opposition

In his Brief in Opposition to Defendant's Declaration (ECF No. 125), Attorney Bosworth argues that the Court's public reprimand at the May 2, 2023 oral argument was sanction enough, and the Court should not impose any additional sanction in the form of a monetary award. As the Court already ruled at the May 2, 2023 oral argument, and for the reasons set forth herein, Attorney Bosworth's appalling behavior warrants the imposition of monetary sanctions.

Attorney Bosworth then argues the Court should only award fees relating to the percentage of time during the depositions that he frustrated Defendant's counsel's ability to fairly examine the witness, without specifying what he believes this percentage to be. As previously stated, the Court finds that Attorney Bosworth's behavior rendered the depositions futile and ineffective, and even Plaintiffs agreed Defendant should be able to retake the depositions. Aside from how Attorney Bosworth's misconduct impeded expert discovery in the case, his abhorrent treatment of defense counsel during the duration of the depositions is sanctionable conduct. All defense counsel were witness to, and at various times the target of, Attorney Bosworth's inexcusable personal diatribes and obnoxious behavior during the depositions. The record shows Attorneys Bullard, Bassin, and Shahidi repeatedly attempted to defuse Attorney Bosworth's offensive behavior to no avail. The Court finds a sanction of the entire time Defendant's attorneys had to attend the depositions and be subjected to Attorney Bosworth's unprofessional and harassing conduct is appropriate.

---

sanctions motion in conjunction with drafting Defendant's Opposition to Plaintiffs' Motion for Leave to Serve Late Expert Disclosure (ECF No. 68) or future Daubert motions. Further, some of the billing entries relate only to the preparation of the Motion to Strike Improper Rebuttal Expert Testimony (ECF No. 70), which again, is not based on Attorney Bosworth's conduct at the four depositions.

Attorney Bosworth also contends the Court should allow him the right to challenge the asserted fees at an evidentiary hearing to ensure his due process rights are maintained. However, there is no factual dispute over the attorneys' fees for the time Defendant's counsel attended the four expert depositions and were subjected to Attorney Bosworth's misconduct. Further, the Court allowed for extensive briefing on this issue by Attorney Bosworth and carefully reviewed these filings. A hearing is not necessary as there is not any genuine factual dispute for which a hearing would be helpful to resolve.

Attorney Bosworth lastly appears to accuse Defendant's counsel of misconduct and improper objections during the deposition of Defendant's corporate designee, Andrew Farhat, which occurred on November 3, 2022. He requests the Court grant him leave to file his own motion for sanctions against Defendant's counsel to offset any monetary sanction entered against him. Procedurally, the underlying case has settled, and there is simply no basis for the Court to consider such a request at this point. Moreover, Attorney Bosworth fails to cite to any conduct by Defendant's attorneys that remotely mirrors his own rude, personal attacks and obstructionist behavior.

### IV. Conclusion

Accordingly, for the reasons set forth herein, Attorney Thomas Bosworth shall pay to Defendant Kids 2 Inc. the sum of $19,713.50 within 30 days. An appropriate Order will follow.

DATE: September 27, 2023

Stephanie L. Haines
United States District Judge